THE PEOPLE *v.* DÍAZ ET AL.

## APPEAL from the District Court of Aguadilla.

No. 40.—Decided December 21, 1906.

BOND—CONFISCATION—PAYMENT OF AMOUNT THEREOF—AUTHORITY OF FISCAL TO RECEIVE MONEYS DUE THE GOVERNMENT.—The secretary of the court is the official charged with the duty of receiving all moneys to be paid to district courts for confiscation of bonds or otherwise, and although the proceedings for the recovery thereof must be brought by the *fiscal,* acting under the authority of the Attorney General, as the attorney for the Insular Government, he is not authorized to receive any money whatever to be paid to the Government as a result of such proceedings.

ID.—PAYMENT OF MONEY.—A payment of money made to a person not authorized to receive it in the name of or on behalf of the creditor, is null and does not extinguish the obligation, but it will continue to subsist, the same as if such payment had never been made.

APPEAL—JUDGMENT.—Where the appellate court reverses the judgment of an inferior court, and it is not necessary to clear up any matter of fact, or determine the amount of any indemnity, the Supreme Court is bound to render the judgment which should have been rendered by the inferior court in the first instance.

The facts are stated in the opinion.

*Mr. Rossy, fiscal,* for appellant.

*Messrs. Acuña and Méndez* for respondents.

MR. JUSTICE MACLEARY delivered the opinion of the court.

The facts of this case are fairly stated by the *fiscal* in his brief, as follows:

"The Prosecuting Attorney for the District Court of Aguadilla, Abraham Kopel, under date of May 4, 1905, filed in the municipal court of the municipal judicial district of Aguadilla, a suit instituted in the name of The People of Porto Rico against Antonio Díaz, Angel Villanueva and Edelmiro Díaz, to recover from the first as debtor, and from the two latter as sureties, the sum of $500, the amount of a bond which the said Antonio Díaz had given in favor of The People of Porto Rico, to answer for the faithful compliance with the obligations imposed upon him by law, as a manufacturer of rum, which business he proposed to carry on in the ward of Cayamaito Bajo, of the municipal jurisdiction of Aguadilla, and which bond the said Díaz had broken, giving cause by such conduct for a criminal

prosecution against him, in which prosecution he was condemned to pay a fine of $100 and pay the tax which he had failed to satisfy.

"The defendants demurred to the complaint because the same did not state the kind of action it was intended to bring, because facts sufficient to constitute a cause of action were not set forth therein, and because not stating definitely whether the bond, insofar as the sureties are concerned, bound the parties jointly or severally, and whether or not proceedings had been instituted against the property of the debtor for the collection of the amount, the said complaint was insufficient to constitute the cause of action sought to be prosecuted.

"And for answer to the complaint they alleged subsequently that the bond could not have the scope that was attributed to the same by the *fiscal*, and that the debtor having been condemned, for the violation of the internal-revenue laws, to the payment of a fine of $100, and to the payment of the amount of the tax which was not satisfied, The People of Porto Rico has been amply indemnified.

"The municipal court dismissed the complaint, without any imposition of costs, and the *fiscal* took an appeal from the judgment thereof to the District Court of Aguadilla.

"The appellant reproduced its complaint in this court through the present Prosecuting Attorney, Enrique Lloreda, and the defendant made answer thereto alleging that the debtor, Antonio Díaz, had paid to the former *fiscal*, Abraham Kopel, the $500 sued for, in his own office, and that the sureties, Angel Villanueva and Edelmiro Díaz, were in no wise responsible, the obligation contracted by them having been satisfied, as proven by the fact that the bond which had been disposed of by the Prosecuting Attorney, Kopel, no longer existed.

"The hearing having been held and the evidence introduced, the district court announced that the law and the facts are in favor of the defendants, inasmuch as the payment made by the debtor, Antonio Díaz Hernández, to the attorney for The People of Porto Rico, as the representative of his client, has extinguished the bond, which payment or sequestration was solicited, and therefore, the complaint is dismissed, with the further order that the plaintiff pay the costs.

"An appeal was taken from this judgment to this Supreme Court."

The only question submitted to this court is whether or not the payment made by Antonio Díaz to Abraham Kopel, of $500, on the 16th day of May, 1905, was a satisfaction of the debt, and constituted a cancellation of the bond. None

of the defendants, neither Hernández nor his sureties, deny making the bond or their liability thereon, nor the amount of it, nor anything else in connection with it, but plead that they have satisfied it by the payment of it. The payment is alleged to have been made, and it is not denied by Hernández and his counsel, to Abraham Kopel, in his office at Aguadilla. It is claimed by counsel for respondents that Kopel, being the district attorney of the district of Aguadilla, and having instituted a suit for the recovery of the money due upon the bond, had authority to receive payment therefor. He contends moreover for the general principle that an attorney representing his client has not only the authority to receive money which is claimed in a suit, but also to give a receipt for the same for the satisfaction of a judgment in all its parts, and that these acts of the attorney are binding upon the client in the same manner as if they were done by him in person. Numerous authorities are cited to prove this. There is no doubt about the general principle, the only question for us to determine is whether or not these general principles apply to a *fiscal* under the laws of Porto Rico. Counsel for respondents also cites several sections of the law of Porto Rico in regard to the appointment of *fiscals* and their authority acting under the orders of the Attorney General, among others, sections 64 and 69 of the Political Code, and the law passed on the 3d of March, 1904, providing for appointment of district attorneys, and defining their rights and duties; also article 250 of the Code of Civil Procedure, and section 283 of the Code of Civil Procedure of California. None of these laws authorize the district attorney to receive money, and the section cited from the California Code has no parallel in the statutes of this Island. Among other statutes and authorities cited by the *fiscal* of this court in support of the appeal is section 2 of an act to provide for an accounting of all moneys received by the respective district courts, and for other purposes, approved on the 20th of February, 1903.

See session acts of Porto Rico, page 58. That section reads
as follows:

"Section 2.—That all moneys received by the respective district
courts for costs, fines, forfeited bonds, penalties, forfeitures, or for
any other purpose, shall be paid to the secretary of the court, and it
shall be the duty of the said secretary to keep a full and complete
record of all such moneys received, showing the date of payment, by
whom paid, and for what purpose payment was made."

The first section of this act provides for a bond to be
given by the secretary for the faithful performance of his
duties. Although this section of the statute was quoted by
the counsel for the Government, no reference is made to it in
the respondent's brief. It is passed over without notice.
It certainly makes the secretary the receiving officer for all
moneys collected on forfeited bonds, and neither the judge
of the court, nor the *fiscal,* nor the marshal, nor any other
person, has a right to receive or receipt for such moneys.
Although the district attorney is in such cases as that brought
upon the forfeited bond, the attorney of the Insular Govern-
ment, acting under authority of the Attorney General, he no-
where, in any statute, is authorized to receive money on behalf
of the Government. He is required to make various reports
to the Attorney General, but nowhere is he required to report
the amount of money collected, or to pay over the same to
the Attorney General or the Treasurer, or any other officer.
He is not required to give a bond for the faithful performance
of his duties, being under no pecuniary liability to the Gov-
ernment by reason of money collected. Whatever may be
the law in California or any other State in regard to the
attorney of a party collecting money and giving a receipt
for the same and satisfying a judgment, it is apprehended
that no such law as section 2 of the act above quoted exists
in that State.

The respondent Hernández and his counsel are presumed
to have been acquainted with this law at the time that the

payment of $500 was made to Kopel, the district attorney. Kopel was also well aware of the statute, and he knew that he had no authority to collect the money, as is apparent from the fact of his burning the bond instead of giving a receipt for the same, and entering a satisfaction of the judgment. The payment of the $500 being unauthorized by law, being made to a person not authorized to receive it, could not be construed as a satisfaction of the debt, but the same stands against the defendant and his sureties in the same manner as if no payment had ever been made.

Under the law and the facts in this case, as developed in the record, the judgment of the district court should have been rendered in favor of the Government and against Antonio Díaz Hernández, Angel Villanueva and Edelmire Díaz for the sum of $500, and all costs of the suit.

Under section 306 of the Code of Civil Procedure, as amended by the Act of March 8, 1906, the judgment in this case being reversed, this court is required to proceed to render such judgment as the court below should have rendered, there being no matters of facts to be ascertained, and the damage to be assessed being certain. Session acts of 1906, page 164. In accordance with these views, the judgment of the District Court of Aguadilla rendered on the 15th of March, 1905, should be reversed, and judgment herein rendered for the plaintiff against the defendants, for the amount of the bond and all costs of the suit.

*Accordingly decided.*

Chief Justice Quiñones, and Justices Hernández and Figueras concurred.

Mr. Justice Wolf did not take part in the decision of this case.